# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAI LIN HUANG, | Civil Action No.: 1:22-cv-03527-GHW-SLC |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC., and JP MORGAN CHASE, | |
| Defendants. | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Phone: (973) 443-3274
Fax: (973) 295-1322
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A*

Of Counsel and On the Brief:
*Micala Campbell Robinson*
*Courteney Lario Caine*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .........................................................................................................1

LEGAL ARGUMENT..................................................................................................................2

    I.    Plaintiff's Section 1981 Cause of Action Must Be Dismissed ...................................2

        A. Plaintiff's Section 1981 Claim is Time Barred Against Chase.............................2

        B. Plaintiff Also Fails to State a Section 1981 Discrimination claim .......................3

    II.    Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be
Dismissed........................................................................................................................7

        A. Plaintiff's Claim Asserting Intentional Infliction of Emotional Distress is
Time Barred .............................................................................................................7

        B. Plaintiff Fails to State a Claim of Emotional Distress ..........................................9

CONCLUSION............................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albert v. City of New York*,
   No. 17-CV-3957-ARR-SMG, 2019 WL 3804654 (E.D.N.Y. Aug. 13, 2019) ........................10

*Assocs. First Cap. v. Crabill*,
   51 A.D.3d 1186, 857 N.Y.S.2d 799 (App. Div. 2008) ................................................................9

*Bender v. City of New York*,
   78 F.3d 787 (2d Cir. 1996) ..........................................................................................................9

*Bentley, Jr. v. Mobil Gas Station*,
   599 F. App'x 395 (2d Cir. 2015) ......................................................................................4, 5, 6, 7

*Brannon v. Delta Airlines, Inc.*,
   434 F. Supp. 3d 124 (S.D.N.Y. 2020) .........................................................................................4

*Brass v. Am. Film Techs., Inc.*,
   987 F.2d 142 (2d Cir. 1993) ........................................................................................................7

*Calizaire v. Mortg. Elec. Registration Sys., Inc.*,
   No.14-CV-1542, 2017 WL 895741 (E.D.N.Y. Mar. 6, 2017) .....................................................9

*Duplan v. City of New York*,
   888 F.3d 612 (2d Cir. 2018) ........................................................................................................3

*Felix v. Chase Bank*,
   No. 18-CV-4442-NGG-SJB, 2020 WL 1234280 (E.D.N.Y. Mar. 13, 2020) ..........................4, 6

*Fischer v. Maloney*,
   43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978) ......................................................9

*Forbes v. Merrill Lynch, Fenner & Smith, Inc.*,
   957 F.Supp. 450 (S.D.N.Y. 1997) ...............................................................................................8

*Jackson v. Wells Fargo Home Mtg.*,
   No. 15CV5062PKCST, 2019 WL 1376840 (E.D.N.Y. Mar. 27, 2019), *aff'd*,
   811 F. App'x 27 (2d Cir. 2020) ...................................................................................................6

*Jenkins v. Collins Bldg. Sen's., Inc.*,
   No. 10–cv–6305 (AKH), 2013 WL 8112381 (S.D.N.Y. Oct. 17, 2013) ...................................10

*Jones v. R.R. Donnelley & Sons Co.*,
   541 U.S. 369 (2004) ....................................................................................................................3

*Koster v. Chase Manhattan Bank*,
   609 F.Supp. ..................................................................................................................8

*Mariani v. Consol. Edison Co. of New York*,
   982 F. Supp. 267 (S.D.N.Y. 1997), *aff'd sub nom. Mariani v. Consol. Edison
   Co.*, 172 F.3d 38 (2d Cir. 1998)..................................................................................8

*Martin v. Citibank, N.A.*,
   762 F.2d 212 (2d Cir.1985)........................................................................................10

*Monahan v. New York City Dep't of Corr.*,
   214 F.3d 275 (2d Cir. 2000).........................................................................................3

*Neufeld v. Neufeld*,
   910 F.Supp. ..................................................................................................................8

*Oparaji v. ABN AMRO Mortgage Group, Inc.*,
   No. 19-CV-01650 (MKB), 2020 WL 9816011 (E.D.N.Y. Sept. 18, 2020)...........5, 6

*Patterson v. Cnty. of Oneida*,
   375 F.3d 206, 226 (2d Cir. 2004)................................................................................4

*Reynolds v. Barrett*,
   685 F.3d 193 (2d Cir. 2012).........................................................................................4

*Rock v. Mustich*,
   No. 08–CV–4976 (CS) (PED), 2009 WL 2391776 (S.D.N.Y. Aug. 3, 2009)...........8

*Santan–Morris v. New York University Medical Center*,
   96 Civ. 0621, 1996 WL 709577 (S.D.N.Y. Dec.10, 1996).......................................8

*Tolbert v. Queens Coll.*,
   242 F.3d 58 (2d Cir. 2001)...........................................................................................4

*Weisman v. Weisman*,
   108 A.D.2d 853, 485 N.Y.S.2d 570 (2d Dep't 1985)................................................8

**Statutes**

28 U.S.C. § 1658(a) ...........................................................................................................3

42 U.S.C. 1981............................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 8................................................................................................................3

Fed. R. Civ. P. 12(b)(6)....................................................................................................7

N.Y. C.P.L.R. § 215(3) ................................................................................................................7

# PRELIMINARY STATEMENT

Plaintiff Bai Lin Huang's allegations against Amazon.Com, Inc. ("Amazon") and JPMorgan Chase Bank, N.A. ("Chase"), incorrectly named as JP Morgan Chase, arise out of the cancellation of her Amazon accounts and her joint Amazon-Chase credit card allegedly due to her spouse's conviction. Plaintiff's only interactions with Chase per her Complaint are a credit-card application, approval of that application, and subsequent closure of the credit card. These interactions all allegedly occurred in April 2018. The filing of this Complaint in May 2022 falls outside Section 1981's four-year limitations period and the one-year statutory period for intentional infliction of emotional distress. Accordingly, both claims must be dismissed against Chase with prejudice. Additionally, even if Plaintiff's claims weren't time-barred, she fails to meet the required pleading standards for each of her causes of action against Chase.

# STATEMENT OF FACTS

Plaintiff Bai Lin Huang, an "Asian-American" United States citizen filed a complaint *pro se* against Amazon and Chase on May 2, 2022 (the "Complaint"). The Complaint alleges that Plaintiff was an account holder with Amazon holding "seller" and "retail" accounts from at least 2016. Docket Entry (D.E. 1) ("Compl.") at ¶ 1. Plaintiff states that in association with these accounts, Amazon "offered Plaintiff an Amazon Credit Card" in 2018, which was a "joint venture" between Amazon and Chase. *Id.* Plaintiff asserts that her credit card application was approved in the beginning of April 2018 and closed after 15 days without explanation. *Id.*

Plaintiff alleges that several months later, in December 2018, she was informed by Amazon that both her "seller" and "retail" accounts were going to be closed because of their "policy to comply with government sanctions and export regulations." *Id.* Per Plaintiff, "Amazon stated that

1

Plaintiff's accounts were cancelled due to her spouse's conviction." *Id.* at ¶17. Plaintiff does not allege any direct communications from Chase to her at any time. *See generally,* Compl.

Plaintiff blanketly asserts that Amazon and Chase closed her accounts because she is "an Asian-American Muslim" and that other "Irish, Italian, and Jewish" customers are not similarly denied service. Compl. ¶¶20-22, 23. Plaintiff also alleges that she has "suffered emotional embarrassment and economic difficulty in attempting to manage her personal employment savings and business due to [Defendants'] arbitrary, discriminatory racial targeting of non-Caucasians." *Id.* at ¶20. Plaintiff does not plead any details regarding this "embarrassment" or "economic difficulty". *See generally,* Compl.

The Complaint purports to assert two causes of action against Amazon and Chase—a 42 U.S.C. 1981, et seq. ("Section 1981") claim and an intentional infliction of emotional distress claim.

## **LEGAL ARGUMENT**

### I. **Plaintiff's Section 1981 Cause of Action Must be Dismissed.**

Plaintiff's first cause of action against Chase alleges race discrimination for closure of her credit card account, in violation of Section 1981. First and foremost, this claim is time barred as Plaintiff's credit card account was closed in April 2018, over four years prior to the filing of her Complaint. Even if the claim were not time barred, Plaintiff also fails to sufficiently plead a Section 1981 cause of action against Chase.

#### A. **Plaintiff's Section 1981 Claim is Time Barred Against Chase.**

Plaintiff's only association with Chase, per the Complaint, is through a credit card, which she alleges was a "joint venture" between Chase and Amazon. Compl. ¶1. Plaintiff alleges that her credit card application was approved "in the beginning of April 2018" and then closed 15 days

later. *Id.* Meaning, all accounts and associations between Plaintiff and Chase were closed as of April 2018.[1] *Id.*

Section 1981 claims are subject to a four-year statute of limitations. *See* 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [enacted Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues."); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 381 (2004); *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018). Plaintiff's Section 1981 claim against Chase is based on the alleged closure of the Chase credit card, which occurred "15 days" after Plaintiff's application for the card was approved "in the beginning of April 2018". Compl. ¶1. Therefore, the Section 1981 claim began to accrue at the time of card's closure sometime in April 2018. The Complaint, however, was not filed until May 2, 2022, which falls outside the four-year statute of limitations period for any alleged Section 1981 claim against Chase. Accordingly, Plaintiff's Section 1981 must be dismissed with prejudice against Chase as it is time-barred.

### B. Plaintiff Also Fails to State a Section 1981 Discrimination Claim.

Even if Plaintiff's Section 1981 claim against Chase were not time-barred (which it is), Plaintiff fails to state a cause of action against Chase. Section 1981 states that:

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

---

[1] While Plaintiff lumps Chase and Amazon together as the defendants throughout the Complaint, this is insufficient to create a cognizable cause of action against Chase, as Plaintiff clearly asserted her associations with the "joint venture" credit card ended in April 2018. When more than one defendant is named in a complaint, a plaintiff must differentiate the allegations to provide a proper factual basis for each of the named defendants pursuant to the minimum standard of Fed. R. Civ. P. 8, which mandates that a defendant receive fair notice of each claim and the grounds upon which it rests. *See* Fed. R. Civ. P. 8; *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (The purpose of this Rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

42 U.S.C. § 1981(a). To state a claim under section 1981, a plaintiff must allege: "(1) [she] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam)); *see also Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (citations and quotations omitted) ("the plaintiff must show, *inter alia,* that the defendant discriminated against [her] on the basis of race, that that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions.").

At the motion to dismiss stage, a plaintiff must "specifically allege the 'circumstances giving rise to a plausible inference of racially discriminatory intent.'" *Bentley, Jr.*, 599 F. App'x at 396 (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994)); *see also Brannon v. Delta Airlines, Inc.*, 434 F. Supp. 3d 124, 133 (S.D.N.Y. 2020). "A plaintiff's naked allegation that the defendant acted based on the plaintiff's race and color is too conclusory to survive a motion to dismiss." *Bentley, Jr.*, 599 F. App'x at 396 (citing *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (en banc)); *see also Reynolds v. Barrett*, 685 F.3d 193, 201 (2d Cir. 2012) ("[A] plaintiff pursuing a claimed violation of [section] 1981 ... must show that the discrimination was intentional." (citing *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004))).

Plaintiff does not set forth sufficient allegations to meet her heightened pleading standard under Section 1981. Rather, Plaintiff admits that the cancellation of the credit card occurred solely because of her spouse's conviction, not because of her race. Compl. at ¶ 17 ("Plaintiff's accounts were cancelled due to her spouse's conviction."). Her spouse's conviction has no association with her race and is not a protected category under the law. *See e.g., Felix v. Chase Bank*, No. 18-CV-

4

4442-NGG-SJB, 2020 WL 1234280, at *3 (E.D.N.Y. Mar. 13, 2020) (where Plaintiff only asserted alleged national origin discrimination, the court dismissed Plaintiff's Section 1981 claim because "Plaintiff does not allege facts that Chase treated him differently because of his race, as opposed to his national origin"). Plaintiff's Complaint fails to point to any conduct by Chase that was racially motivated and should be dismissed on that basis. *Bentley, Jr. v. Mobil Gas Station,* 599 F. App'x 395, 396 (2d Cir. 2015) (court dismissed Plaintiff's Section 1981 claim where Plaintiff "failed to allege that the defendants were motivated by racial animus").

The *Oparaji v. ABN AMRO Mortgage Group, Inc.* case is instructive in explaining Plaintiff's pleading deficiencies here. In that matter, plaintiff Ada Oparaji filed a *pro se* Complaint against several defendants, including Citibank, N.A. ("Citibank"), alleging that the defendants failed to disclose certain loan documents to her. *Oparaji v. ABN AMRO Mortgage Group, Inc.*, No. 19-CV-01650 (MKB), 2020 WL 9816011, at *1 (E.D.N.Y. Sept. 18, 2020). The plaintiff asserted that Citibank intentionally discriminated against her in violation of Section 1981 when Citibank failed to provide her a copy of a loan document because her and her husband were from Nigeria, have an accent, and are African Americans. *Id.* at *14. The plaintiff claimed that she and her husband were targeted "because of their race or/and national origin when [the Citi Defendants] failed to respond to their calls and letters." *Id.* (internal citations omitted). The court held that these allegations did not support a claim of intentional discrimination against her by Citibank. *Id.* at *15. The court held that the "Defendants' failure to respond to Plaintiff and her husband's letters and refusal to provide them with a copy of the October 24, 2003 note does not, alone, giv[e] rise to a plausible inference of racially discriminatory intent," and "Plaintiff's conclusory statement in her opposition papers that persons who [are] not in the protected class were given copies of their promissory note when they signed and executed a note, with no further factual allegations to

support this claim, is not sufficient to give rise to an inference of discrimination." *Id.* (internal citations omitted).

Plaintiff here similarly does not set forth any conduct by Chase to "giv[e] rise to a plausible inference of racially discriminatory intent." *Bentley, Jr.*, 599 F. App'x at 396 (quoting *Yusuf*, 35 F.3d at 713). Plaintiff presents no allegations of racially motivated communications or reasoning. In fact, Plaintiff does not present any communications or contact by Chase at all. Nothing in her Complaint raises to the level of racially motivated intent required by Section 1981.

Other generalized and conclusory pleadings in Plaintiff's Complaint cannot save her claim from dismissal. For example, Plaintiff's allegation that "Defendants … routinely engage in a pattern and practice of discriminating against non-Caucasians, who have not themselves, committed any criminal offenses just because of their religious and/or ethnic affiliation to an individual" is not enough to support a Section 1981 cause of action. Compl. at ¶ 20. This allegation does not assert any intentional discrimination because of Plaintiff's race, nor does it provide grounded examples of the alleged discrimination. This is a naked assertion that cannot itself set forth a valid cause of action. Additionally, Plaintiff hints at "several instances where Muslims, and non-Caucasians have routinely been subjected to racial animus," but provides no details, examples, specifics, or individuals about such instances.[2] Compl. ¶¶ 20-22. These conclusory statements about allegedly similarly situated individuals are not sufficient to meet Plaintiff's heightened pleading requirements. *Jackson v. Wells Fargo Home Mtg.*, No. 15CV5062PKCST, 2019 WL 1376840, at *4 (E.D.N.Y. Mar. 27, 2019), *aff'd,* 811 F. App'x 27 (2d Cir. 2020) (court granted defendant's motion to dismiss where "plaintiffs fail to allege in other than conclusory fashion any

---

[2] Plaintiff throughout her Complaint conflates categories of ethnicity, national origin, and race. Being "Irish, Italian, or Jewish" does not foreclose such a person from identifying as non-Caucasian. Only racial discrimination is cognizable under Section 1981. *Felix v. Chase Bank*, No. 18CV4442NGGSJB, 2020 WL 1234280, at *3 (E.D.N.Y. Mar. 13, 2020).

specific instances of discrimination with respect to any individual plaintiff or others similarly situated."). Furthermore, Plaintiff's blanket assertions that this was caused by her "religious affiliation and race" are naked assertions without any support as to conduct or intent by Chase to discriminate against her because of her race. *Bentley, Jr.*, 599 F. App'x at 396 (citing *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (en banc)) ("A plaintiff's naked allegation that the defendant acted based on the plaintiff's race and color is too conclusory to survive a motion to dismiss.").

Also absent from Plaintiff's complaint is any alleged communication by Chase directed to her. Quite simply, there is nothing in the Complaint that Chase allegedly said, did, or sent to Plaintiff which could imply discriminatory intent. For the many reasons set forth above, Plaintiff's Complaint is devoid of any supporting pleading that Chase discriminated against her due to her race in violation of Section 1981. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

### II. Plaintiff's Intentional Infliction of Emotional Distress Claim Should be Dismissed.

Plaintiff's second cause of action alleging intentional infliction of emotional distress against Chase must similarly be dismissed as time barred and for failure to state a claim on which relief can be granted.[3]

### A. Plaintiff's Claim Asserting Intentional Infliction of Emotional Distress is Time Barred.

The statute of limitations in New York for a claim of intentional infliction of emotional distress is one year from the date of the allegedly outrageous acts. N.Y. C.P.L.R. § 215(3); *see,*

---

[3] Plaintiff asserts that incidents forming the basis of the Complaint arose in this district and venue. For purposes of this *Rule* 12(b)(6) motion, Chase is solely relying on Plaintiff's pleading and assuming all allegations to be true. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (for the analysis of a Rule 12(b)(6) motion, "consideration is limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true…").

7

*e.g., Forbes v. Merrill Lynch, Fenner & Smith, Inc.,* 957 F.Supp. 450, 455 (S.D.N.Y. 1997) (internal citations omitted) ("It is well established under New York law that a claim of intentional infliction of emotional distress has a one–year statute of limitations."); *Santan–Morris v. New York University Medical Center,* 96 Civ. 0621, 1996 WL 709577 at *2 (S.D.N.Y. Dec.10, 1996); *Neufeld v. Neufeld,* 910 F.Supp. at 981; *Koster v. Chase Manhattan Bank,* 609 F.Supp. at 1198. Federal courts "apply state statutes of limitations to intentional tort claims." *Rock v. Mustich,* No. 08–CV–4976 (CS) (PED), 2009 WL 2391776, at *5 (S.D.N.Y. Aug. 3, 2009) (citing *Hargett v. Metro. Transit Auth.,* 552 F.Supp.2d 393, 399 (S.D.N.Y.2008)). When applying the one-year statute of limitations to claims of intentional infliction of emotional distress, courts exclude any act occurring before the limitations period. *Mariani v. Consol. Edison Co. of New York*, 982 F. Supp. 267, 273 (S.D.N.Y. 1997), *aff'd sub nom. Mariani v. Consol. Edison Co.*, 172 F.3d 38 (2d Cir. 1998); *Santan–Morris v. New York University Medical Center,* 96 Civ. 0621, 1996 WL 709577 at *2 (quoting *Koster v. Chase Manhattan Bank,* 609 F.Supp. at 1198); *see also, e.g., Weisman v. Weisman,* 108 A.D.2d 853, 854, 485 N.Y.S.2d 570, 571 (2d Dep't 1985).

Plaintiff's Complaint alleges that she sustained "emotional embarrassment and economic difficulty" following the closure of her alleged Amazon account in or around December 2018. Compl. ¶¶ 18-19. Firstly, Plaintiff does not assert any conduct by Chase which inflicted emotional distress. However, even assuming that the alleged emotional embarrassment is someway tied to Chase (which it is not), Plaintiff does not assert any action after December 2018 which caused her emotional distress. Plaintiff's Complaint was filed on May 2, 2022. Thus, no conduct supporting her intentional infliction of emotional distress claim is alleged to have occurred during the limitations period from May 2, 2021 through the filing date. Accordingly, Plaintiff's intentional infliction of emotional distress claim is time barred and should be dismissed with prejudice.

### B. Plaintiff Fails to State a Claim of Emotional Distress.

Even if Plaintiff alleged conduct supporting her intentional infliction of emotional distress claim within the limitations period, which she does not, she fails to assert the pleading requirements for this cause of action.

Under New York law, intentional infliction of emotional distress has four elements: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (citing *Howell v. N.Y. Post Co.,* 81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699, 702 (1993)). Typically, in order to sustain an intentional infliction of emotional distress claim, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Fischer v. Maloney*, 43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215, 1217 (1978).

Plaintiff here fails to allege conduct that satisfies the outrageous character necessary for an intentional infliction of emotional distress claim. The alleged conduct of closing her account and nothing more does not constitute conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Fischer v. Maloney*, 43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215, 1217 (1978); *see e.g.*, *Calizaire v. Mortg. Elec. Registration Sys., Inc.*, No.14-CV-1542, 2017 WL 895741, at *8 (E.D.N.Y. Mar. 6, 2017) ("[The plaintiff's] complaint, in essence, is that Deutsch[e] Bank has knowingly initiated foreclosure proceedings without the right to do so. This does not constitute the 'outrageous conduct' necessary to support an [intentional infliction of emotional distress] claim.") (citing *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999)); *Assocs.*

*First Cap. v. Crabill*, 51 A.D.3d 1186, 857 N.Y.S.2d 799, 802 (App. Div. 2008) (finding that "frustrations in trying to resolve the disputed amount, threats of foreclosures ..., phone calls placed to the workplace ... that were embarrassing and upsetting, misrepresentations as to the amount owed, and stress resulting from the ongoing dispute" were "unfortunate and undoubtedly caused embarrassment and stress" but "did not meet the 'rigorous ... and difficult to satisfy' requirements for a viable cause of action for intentional infliction of emotional distress") (third alteration in original) (quoting *Howell*, 81 N.Y.2d at 122, 596 N.Y.S.2d 350, 612 N.E.2d 699).

The Complaint also alleges no intent by Chase to cause Plaintiff any emotional distress. As stated above, notably absent from the Complaint is any communication or conduct by Chase directed to Plaintiff. Also missing is any motivation or intent to distress, harm, or injure Plaintiff. This is also fatal to Plaintiff's intentional infliction of emotional distress cause of action against Chase. *See e.g., Albert v. City of New York*, No. 17-CV-3957-ARR-SMG, 2019 WL 3804654, at *8 (E.D.N.Y. Aug. 13, 2019) (where plaintiffs' "allegations [were] insufficient to give rise to the inference that [defendants] acted with intent toward plaintiffs", the court dismissed plaintiffs' intentional infliction of emotional distress claim.

Furthermore, Plaintiff's allegations of racial discrimination alone are insufficient to state a claim for intentional infliction of emotional distress under New York law. *See Martin v. Citibank, N.A.,* 762 F.2d 212, 220 (2d Cir.1985) (rejecting claim for intentional infliction of emotional distress based on racial discrimination alone); *see also Jenkins v. Collins Bldg. Sen's., Inc.,* No. 10–cv–6305 (AKH), 2013 WL 8112381, at *7 (S.D.N.Y. Oct. 17, 2013) ("[O]vert acts of discrimination have generally not been found to rise to the level of intentional infliction of emotional distress." (internal quotation marks omitted)).

## CONCLUSION

Based on the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety with prejudice against Chase.

Dated: August 8, 2022                       **GREENBERG TRAURIG, LLP**

By: */s/Courteney Lario Caine*
     Courteney Lario Caine
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Phone: (973) 443-3274
Fax: (973) 295-1322
*Attorneys for Defendant JP Morgan Chase Bank, N.A.*