UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
BAI LIN HUANG,

                Plaintiff,

       -v-

AMAZON.COM, INC., and
JP MORGAN CHASE,

                Defendants.
---------------------------------------------------------------- x

Case No. 22 Civ. 3527 (GHW) (SLC)

# MEMORANDUM OF LAW IN SUPPORT OF
# AMAZON.COM SERVICES LLC'S MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
Mohammad B. Pathan
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
mohammadpathan@dwt.com

*Counsel for Defendant Amazon.com Services LLC, incorrectly sued as Amazon.com, Inc.*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...........................................................................................1

FACTUAL ALLEGATIONS ................................................................................................2

ARGUMENT .........................................................................................................................3

I. LEGAL STANDARD.................................................................................................3

II. THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AND WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ........................................4

    A. Mrs. Huang's Section 1981 Claim as to her "Amazon Credit Card" is Time Barred .................................................................................................4

    B. Mrs. Huang Fails to State a Section 1981 Discrimination Claim ............................4

    C. Mrs. Huang's Claim for Intentional Infliction of Emotional Distress is Time Barred .................................................................................................7

    D. Mrs. Huang Fails to State a Claim for Intentional Infliction of Emotional Distress ........................................................................................8

CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 3

*Bell v. SL Green Realty Corp.*,
    2022 WL 2819054 (S.D.N.Y. July 19, 2022) ........................................................... 4

*Bentley, Jr. v. Mobile Gas Station*,
    599 F. App'x 395 (2d Cir. 2015) ............................................................................... 7

*Bishop v. Toys "R" Us-NY LLC*,
    414 F. Supp. 2d 385 (S.D.N.Y. 2006) ....................................................................... 5

*Charles v. Seinfeld*,
    410 F. Supp. 3d 656 (S.D.N.Y. 2019) ....................................................................... 3

*Ellul v. Congregation of Christian Bros.*,
    774 F.3d 791 (2d Cir. 2014) ...................................................................................... 3

*Forbes v. Merrill Lynch, Fenner & Smith, Inc.*,
    957 F. Supp. 450 (S.D.N.Y. 1997) ............................................................................ 7

*Grimes v. Fremont Gen. Corp.*,
    785 F. Supp. 2d 269 (S.D.N.Y. 2011) ............................................................... 5, 6, 7

*Henry v. Ctny. Of Nassau*,
    6 F. 4th 324 (2d Cir. 2021) ........................................................................................ 5

*James v. Johnstons Subaru, Inc.*,
    2022 WL 1597737 (S.D.N.Y. May 19, 2022) ........................................................... 5

*Jenkins v. Collins Bldg. Sen's., Inc.*,
    2013 WL 8112381 (S.D.N.Y. Oct. 17, 2013) ............................................................ 9

*Kellier v. MMS*,
    2021 WL 1947775 (S.D.N.Y. May 13, 2021) ........................................................... 6

*Levin v. Am. Doc. Servs., LLC*,
    828 F. App'x 788 (2d Cir. 2020) ............................................................................... 8

*Mariani v. Consol. Edison Co. of N.Y., Inc.*,
   982 F. Supp. 267 (S.D.N.Y. 1997) ................................................................................7

*Martin v. Citibank, N.A.*,
   762 F.2d 212 (2d Cir. 1985)..........................................................................................9

*Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*,
   7 F.3d 1085 (2d Cir. 1993)............................................................................................5

*Mohan v. City of N.Y.*,
   2018 WL 3711821 (S.D.N.Y. Aug. 3, 2018)................................................................4

*Pianoforte v. Little Red Sch. House*,
   2022 WL 2713659 (S.D.N.Y. July 13, 2022) ...............................................................3

*Sanderson v. Leg Apparel LLC*,
   2020 WL 3100256 (S.D.N.Y. June 11, 2020) ..............................................................8

*Simmons v. Sports Training Inst.*,
   692 F. Supp. 181 (S.D.N.Y. 1988) ................................................................................6

*Taylor v. City of N.Y.*,
   207 F. Supp. 3d 293 (S.D.N.Y. 2016)...........................................................................6

*Triestman v. Fed. Bureau of Prisons*,
   470 F.3d 471 (2d Cir. 2006)..........................................................................................3

*Yusuf v. Vassar Coll.*,
   35 F.3d 709 (2d Cir. 1994)............................................................................................6

**State Cases**

*Cecora v. Hoya*,
   2012 WL 1240996 (Sup. Ct. N.Y. Cnty. March 30, 2012), *aff'd* 106 A.D.3d
   565 (1st Dep't 2013) .....................................................................................................8

*Howell v. N.Y. Post Co.*,
   81 N.Y.2d 115 (N.Y. 1993) ..........................................................................................8

*Marmelstein v. Kehillat New Hempstead*,
   11 N.Y.3d 15 (N.Y. 2008) ............................................................................................8

**Federal Statutes**

28 U.S.C. § 1658(a) ..............................................................................................................4

42 U.S.C.
   § 1981 *et seq.* ...............................................................................................................1
   § 1981(a) .......................................................................................................................5

**Rules**

CPLR § 215(3) ......................................................................................................................7

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................1, 3, 10

Amazon.com Services LLC, incorrectly sued as Amazon.com, Inc. ("Amazon"),[1] respectfully submits this memorandum of law in support of its motion to dismiss the Complaint of Plaintiff Bai Lin Huang ("Mrs. Huang") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Mrs. Huang brings this lawsuit against Amazon and Defendant JP Morgan Chase, N.A. ("Chase") alleging claims for racial discrimination under the Civil Rights Act of 1964, 42 U.S.C. § 1981 *et seq*., ("§ 1981") and for intentional infliction of emotional distress after the alleged closure of an "Amazon Credit Card" in April 2018 and her Amazon customer and seller accounts in December 2018. This Court should summarily dismiss her claims with prejudice.

Mrs. Huang's claim for racial discrimination as to the closure of her "Amazon Credit Card" is time barred under § 1981's four-year statute of limitations. In addition, the Complaint fails to state a claim under § 1981 because it does not (and cannot) allege any intentional racial discrimination by Amazon in closing her Amazon accounts. To the contrary, as the Complaint and attached documents show, Mrs. Huang's Amazon accounts were closed in compliance with federal government sanctions and export regulations—not based on any racial animus.

The claim for intentional infliction of emotional distress fails for the same reasons. It is time barred under the applicable one-year statute of limitations, which required Mrs. Huang to bring these claims arising from the alleged closure of her Amazon accounts by 2019. Mrs. Huang's allegations also fail to satisfy the "rigorous and difficult" standard applied to claims of intentional infliction of emotional distress.

---

[1] In the Complaint, Mrs. Huang incorrectly identified Defendant as Amazon.com, Inc. The correct Defendant is Amazon.com Services LLC, which is the entity Mrs. Huang contracted with in the United States with regard to both her Amazon customer and seller accounts. *See* Compl. ¶ 1.

1

For these reasons, elaborated below, Amazon respectfully requests that this Court dismiss Mrs. Huang's claims in their entirety and with prejudice.

## FACTUAL ALLEGATIONS

Mrs. Huang alleges that she is an Asian-American whose Turkish-American spouse was "arrested and convicted in 2017" for "violating federal law by allegedly exporting materials to Turkey which was [sic] allegedly rerouted to Iran." Compl. ¶ 15. She alleges that she registered both an Amazon third-party seller account and an Amazon retail customer account in 2016. These accounts remained open until December 2018 when Mrs. Huang received an email that her "Retail and Seller account were going to be closed by Defendant Amazon.com, Inc.'s policy … to comply with government sanctions and export regulations." *Id.* ¶ 1. Indeed, according to the correspondence between Amazon and Mrs. Huang attached to the Complaint, Amazon told Mrs. Huang that "Amazon has a policy to comply with government sanctions and export control regulations, and while reviewing your account details, we identified similarities between information in your account and an individual with whom we can't currently do business." Compl., Exs. 1, 2. Mrs. Huang also alleges that in April 2018 she signed up for an "Amazon Credit Card," a "joint venture" between Chase and Amazon, which was closed "after 15 days without [sic] given any explanation." Compl. ¶ 1.[2]

Mrs. Huang now brings this lawsuit against Chase and Amazon alleging claims under Section 1981, vaguely and wildly speculating that her Amazon accounts and "Amazon Credit Card" were closed "out of racial animus" because "she is an Asian-American and Muslim female." Compl. ¶¶ 26, 28. At the same time, Mrs. Huang also alleges that these accounts were closed "due to her spouse's conviction." *Id.* ¶ 17. Additionally, Mrs. Huang brings a claim for intentional

---

[2] The Complaint also concedes that Mrs. Huang's "Amazon Credit Card" was closed as "a result of her spouse's conviction." Compl. ¶ 16.

infliction of emotional distress, alleging that the closure of her accounts "cause[d] her emotional distress." *Id.* ¶¶ 29-32.

Amazon now moves to dismiss Mrs. Huang's claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **ARGUMENT**

### I. LEGAL STANDARD

A Rule 12(b)(6) motion examines the sufficiency of a complaint's factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Pursuant to the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the complaint must show that the pleader has a plausible claim. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. By contrast, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do', nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "The same standard applies to motions to dismiss for *pro se* plaintiffs." *Pianoforte v. Little Red Sch. House*, 2022 WL 2713659, at *4 (S.D.N.Y. July 13, 2022). Indeed, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

Further, and relevant here, a statute of limitations defense may "be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Charles v. Seinfeld*, 410 F. Supp. 3d 656, 659 (S.D.N.Y. 2019) (citing *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014)).

## II. THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AND WITH PREJUDICE FOR FAILURE TO STATE A CLAIM

### A. Mrs. Huang's Section 1981 Claim as to her "Amazon Credit Card" is Time Barred

Claims under § 1981 are subject to a four-year statute of limitations. *See* 28 U.S.C. § 1658(a); *Bell v. SL Green Realty Corp.*, 2022 WL 2819054, at *4 (S.D.N.Y. July 19, 2022) (noting a four-year statute of limitations for claims authorized by an amendment to § 1981 after 1990); *Mohan v. City of N.Y.*, 2018 WL 3711821, at *9 (S.D.N.Y. Aug. 3, 2018) (noting a four-year statute of limitations for claims of discrimination in contractual relationship, which arose out of an amendment to § 1981 post-1990). Mrs. Huang alleges that she was approved for an "Amazon Credit Card" in the beginning of April 2018 and that the "account was closed after 15 days without [sic] given any explanation." Compl. ¶ 1. Even assuming Mrs. Huang opened her "Amazon Credit Card" as late as April 15, 2018 (*i.e.*, mid-April), by her own allegations the account would have been closed on April 30, 2018. Therefore, the filing of the Complaint on May 2, 2022 falls outside the four-year statute of limitations for § 1981 claims.[3]

### B. Mrs. Huang Fails to State a Section 1981 Discrimination Claim

Section 1981 prohibits racial discrimination in the making and enforcement of private contracts:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

---

[3] Given that Mrs. Huang alleges her Amazon customer and seller accounts were closed in December 2018, *see* Compl. ¶ 1, Amazon has not moved to dismiss her Section 1981 claim relating to those closures as time barred.

42 U.S.C. § 1981(a). To "make and enforce contracts" includes the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To properly state a claim under § 1981, the complaint must allege: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). "A plaintiff alleging racial ... discrimination ... must do more than recite conclusory assertions. In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Henry v. Ctny. Of Nassau*, 6 F. 4th 324, 336 (2d Cir. 2021) (citation omitted). In "pleading intentional racial discrimination, a plaintiff may not rely on 'naked assertions' of discrimination, but rather 'must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent.'" *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 391 (S.D.N.Y. 2006) (citation omitted); *James v. Johnstons Subaru, Inc.*, 2022 WL 1597737, at *2 (S.D.N.Y. May 19, 2022) (plaintiff must "specifically allege the circumstances giving rise to a plausible inference of racially discriminatory intent.") (internal quotations omitted). "In order to survive a motion to dismiss, the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 295-96 (S.D.N.Y. 2011) (internal quotations omitted). Thus, "[f]act-specific allegations of a causal link between the

defendant's actions and the plaintiff's race are required," and "[c]onclusory or naked allegations will not suffice." *Id.*

Even under a generous construction of her Complaint, Mrs. Huang's § 1981 claim falls far short of alleging any intentional racial discrimination by Amazon. In essence, Mrs. Huang alleges that Amazon "acted out of racial animus" in "cancelling her [Amazon] accounts and business relationship" because "she is an Asian-American and Muslim female,"[4] without alleging any supporting facts or conduct by Amazon that was racially motivated.[5] Compl., ¶¶ 26, 28. Mrs. Huang has "offered no reason to suspect that" the closure of her Amazon accounts "had anything to do with [her] race," other than her conclusory assertion, and therefore, she fails to meet her burden in alleging intentional discrimination. *See Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994) (affirming dismissal of § 1981 claim because plaintiff's assertion that "the panel members were white and that he is Bengali" is too conclusory and insufficient to show racial bias); *Kellier v. MMS*, 2021 WL 1947775, at *3 (S.D.N.Y. May 13, 2021) (conclusory allegation that defendant

---

[4] Mrs. Huang also alleges that Amazon engaged in "discriminatory treatment based on her … religious classification and/or gender." Compl. ¶ 28. These claims also fail because § 1981 does not apply to religious or gender-based discrimination. *See Simmons v. Sports Training Inst.*, 692 F. Supp. 181, 181 (S.D.N.Y. 1988) ("It is well-established that § 1981 is primarily grounded in racial discrimination and does not apply to actions alleging religious discrimination."); *Taylor v. City of N.Y.*, 207 F. Supp. 3d 293, 305 (S.D.N.Y. 2016) ("§ 1981 does not prohibit discrimination on the basis of gender.").

[5] Mrs. Huang attempts to bolster her complaint by making several conclusory allegations of racial discrimination unrelated to the alleged conduct in this case. *See* Compl. ¶ 20 ("Upon information and believe the Defendants Amazon and JP Morgan Chase routinely engage in a pattern and practice of discriminating against non-Caucasians…."); ¶ 21 ("following September 11, 2001, Plaintiff has learned of several instances where Muslims, and non-Caucasians have routinely been subjected to racial animus, and deprived of their Civil Rights by Defendants Amazon and JP Morgan Chase"); ¶ 22 ("it is similarly well known that Irish, Italian and Jewish customers having accounts with these Defendants are not denied service simply because a family member was convicted of a criminal offense."). These conclusory allegations do not provide the requisite causal link between Amazon's actions *in this case* and Mrs. Huang's race and, therefore do not satisfy the requisite intentional discrimination required for a § 1981 claim.

treated plaintiff differently because he was black could not support a § 1981 claim); *Grimes*, 785 F. Supp. 2d at 296 (conclusory allegation that defendant intentionally discriminated against plaintiff by "charging them higher interest rates than those charges [sic] to similarly-situated Caucasian mortgages" did not support a claim for intentional discrimination under § 1981); *Bentley, Jr. v. Mobile Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) (affirming dismissal where plaintiff "failed to allege that the defendants were motivated by racial animus"). Indeed, the Complaint and documents attached to the Complaint identify a race-neutral factor that allegedly led to closure of Mrs. Huang's Amazon accounts: compliance with government sanctions and export regulations. *See* Compl. ¶1 ("Plaintiff received an email that her 'Retail' and 'Seller' account were going to be closed by Defendant Amazon.com, Inc.'s policy which is … to comply with government sanctions and export regulations."), ¶ 2 ("Plaintiff, was shocked yet again, when the email indicated that her accounts with Defendant Amazon.com, Inc. … was being terminated and/or closed due to alleged criminal conduct of her husband."), ¶ 17 ("Defendant Amazon stated that Plaintiff's accounts were cancelled due to her spouse's conviction"); Compl. Exs. 1 (noting that Amazon was closing Plaintiff's account due to "a policy to comply with government sanctions and export control regulations."); Ex. 2 (same). Accordingly, this Court should dismiss Mrs. Huang's § 1981 claim with prejudice.

### C. Mrs. Huang's Claim for Intentional Infliction of Emotional Distress is Time Barred

The statute of limitations under New York law for intentional infliction of emotional distress is one year from the date of the underlying act. CPLR § 215(3); *Mariani v. Consol. Edison Co. of N.Y., Inc.*, 982 F. Supp. 267, 273 (S.D.N.Y. 1997) ("It is well established that the one–year statute of limitations set forth in CPLR § 215(3) for intentional torts is applicable to claims for intentional infliction of emotional distress."); *Forbes v. Merrill Lynch, Fenner & Smith, Inc.*, 957

F. Supp. 450, 455 (S.D.N.Y. 1997) (same); *Sanderson v. Leg Apparel LLC*, 2020 WL 3100256, at *12 n.13 (S.D.N.Y. June 11, 2020) (same). As the predicate for her claim for intentional infliction of emotional distress, Mrs. Huang refers to Amazon's closure of her Amazon accounts due to alleged racial animus, which she alleges occurred in April and December 2018. *See* Compl. ¶¶ 1, 29-32. Therefore, any claims for intentional infliction of emotional distress were required to be brought by December 2019 at the latest. Accordingly, her claim for intentional infliction of emotional distress is time barred and must be dismissed with prejudice.

### D. Mrs. Huang Fails to State a Claim for Intentional Infliction of Emotional Distress

In addition to being time-barred, Mrs. Huang's intentional infliction of emotional distress claim also fails because she does not come close to alleging the facts necessary to sustain such a claim. The standard for intentional infliction of emotional distress is "'rigorous and difficult to satisfy' . . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. N.Y. Post Co.,* 81 N.Y.2d 115, 122 (N.Y. 1993) (quoting Prosser and Keeton, Torts § 12, at 60-61 (5th ed.)) (cited by *Levin v. Am. Doc. Servs., LLC*, 828 F. App'x 788, 793 (2d Cir. 2020)). This exceedingly strict standard requires far more than anything that has been — or could be — alleged in this case. For example, a plaintiff who alleged that the defendant had abused his position as her rabbi to coerce her into having sex with him and "intimidated her by his declarations that if she disclosed their sexual arrangement … he would 'have her placed in a straight jacket'" failed to state a claim because the alleged conduct was not sufficiently extreme and outrageous. *Marmelstein v. Kehillat New Hempstead,* 11 N.Y.3d 15, 18-19, 22-23 (N.Y. 2008); *see also Cecora v. Hoya,* 2012 WL 1240996 (Sup. Ct. N.Y. Cnty. March 30, 2012), *aff'd* 106 A.D.3d 565 (1st Dep't 2013) (even alleged

conduct that "might be illegal or … offend … community standards … does [not] approach the level of outrageousness or extremity necessary for liability"); *Gelbman,* 732 N.Y.S.2d at 533 (finding plaintiff's intentional infliction of emotional distress claims "entirely without merit" because plaintiff "made no showing that a disagreement over the answer to a game show question and disqualifying the plaintiff from moving on in the show even begins to approach the rigorous and difficult to satisfy requirement of 'extreme and outrageous conduct' which must be to such a degree as to go beyond all possible bounds of decency"). Further, allegations of racial discrimination, like those here, are by themselves insufficient to state a claim for intentional infliction of emotional distress under New York law. *See Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985) (rejecting claim for intentional infliction of emotional distress based on racial discrimination alone); *see also Jenkins v. Collins Bldg. Sen's., Inc.,* 2013 WL 8112381, at *7 (S.D.N.Y. Oct. 17, 2013) ("[O]vert acts of discrimination have generally not been found to rise to the level of intentional infliction of emotional distress.") (internal quotations omitted). Accordingly, even absent the time-bar, this Court should also dismiss Mrs. Huang's intentional infliction of emotional distress claim with prejudice for failure to state a claim.

## CONCLUSION

For the above reasons, Amazon respectfully requests that this Court dismiss Mrs. Huang's claims in their entirety and with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: New York, New York
September 7, 2022

DAVIS WRIGHT TREMAINE LLP

By: */s/ Mohammad B. Pathan*
    Mohammad B. Pathan

1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
mohammadpathan@dwt.com

*Counsel for Defendant Amazon.com Services LLC, incorrectly sued as Amazon.com, Inc.*