UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAI LIN HUANG,

Plaintiff,

-against-

AMAZON.COM, INC., and JP MORGAN CHASE,

Defendants.

1:22-cv-03527 (JLR) (SLC)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On May 2, 2022, Plaintiff Bai Lin Huang ("Plaintiff"), proceeding *pro se*, commenced this action against Defendants Amazon.com, Inc. ("Amazon") and JP Morgan Chase ("Chase" and, together with Amazon, "Defendants"). *See generally* ECF No. 1 ("Compl."). Plaintiff asserts claims for racial discrimination under 42 U.S.C. § 1981 ("Section 1981") and intentional infliction of emotional distress ("IIED") under New York law, arising from the allegedly wrongful closure of Plaintiff's Amazon accounts and Amazon-Chase credit card. *See id*. On August 8, 2022, Chase filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See* ECF No. 16. Amazon filed a motion to dismiss pursuant to Rule 12(b)(6) on September 7, 2022. *See* ECF No. 26. Both Defendants seek dismissal on grounds that Plaintiff's claims are untimely and, in the alternative, fail to state a claim upon which relief can be granted. *See* ECF Nos. 16, 26.

Magistrate Judge Sarah L. Cave issued a Report and Recommendation on January 31, 2023 (the "Report"). *See* ECF No. 41. The Report recommends that Defendants' motions to dismiss be granted, and that Plaintiff's Section 1981 claims based on the alleged 2018 closure of her Amazon-Chase credit card and Plaintiff's IIED claims be dismissed with prejudice as time-

barred, and that Plaintiff's Section 1981 claim against Amazon based on the December 2018 closure of her Amazon accounts be dismissed without prejudice and with leave to amend. *See id.* at 25. The Report warned, in bold capital letters, that failure to timely object within 14 days would result in waiver of the right to object and preclude appellate review. *See id.* at 26. Neither party has filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Rule 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the Report passed on February 14, 2023 and no party has filed any objection.[1] The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous.

---

[1] *Pro se* Plaintiff consented to electronic service through the court's electronic-filing system and was therefore served with the Report when it was filed on January 31, 2023. *See* ECF No. 2.

Accordingly, the Court adopts the thorough and well-reasoned Report in its entirety. The Court GRANTS Defendants' motions to dismiss. Plaintiff's Section 1981 claims based on the alleged 2018 closure of her Amazon-Chase credit card and Plaintiff's IIED claims are DISMISSED WITH PREJUDICE as time-barred. Because the claims dismissed with prejudice are the only claims asserted against Chase, Chase is hereby dismissed from the case. Plaintiff's Section 1981 claim against Amazon based on the December 2018 closure of her Amazon accounts is DISMISSED WITHOUT PREJUDICE and with leave to amend.

Plaintiff may, if she can do so in compliance with guidance in the Report and this Opinion, file an amended complaint no later than **March 8, 2023**. Any amendment should be based on the Section 1981 claim against Amazon concerning the December 2018 closure of Plaintiff's Amazon accounts, and not the claims dismissed with prejudice herein.

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

The Clerk of Court is respectfully directed to terminate Chase from this case and ECF Nos. 16 and 26.

Dated: February 15, 2023
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge